UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BARBARA REEDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-110 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Barbara Reeder brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On March 19, 2008, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 22.) Reeder filed a motion and a supplemental motion to recover attorney fees in the amount of $3,941.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 24, 32.) The Commissioner, however, opposes Reeder's fee request, arguing that its litigation position was "substantially justified." (Docket # 27.)

For the reasons set forth herein, Reeder's motions will be DENIED.

**I.  LEGAL STANDARD**

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II.  DISCUSSION

In response to Reeder's request for fees, the Commissioner asserts that it was substantially justified in defending the ALJ's final decision and, consequently, that Reeder's fee request should be denied. Ultimately, the Commissioner's assertions have merit.

The Commissioner defended four arguments advanced by Reeder in her appeal. Specifically, Reeder argued that: (1 ) the ALJ's step four finding was contradictory and not

2

subject to meaningful judicial review; (2) the ALJ erred when determining that her testimony of debilitating limitations was "not entirely credible"; (3) the ALJ improperly evaluated the opinion of Dr. Lisa Lane, her treating family practitioner; and (4) the ALJ erred at step five by failing to cite a significant number of jobs that Reeder could perform. (Opening Br. of Pl. in Social Security Appeal Pursuant to L.R. 7.3 11-17.)  To begin, it is obvious that the Commissioner was substantially justified in defending Reeder's step four finding, as Reeder abandoned the argument in her reply brief, stating that she "accepts [the Commissioner's] explanation." (Reply Br. 3.)

As to Reeder's credibility argument, though the ALJ indeed failed to explore why Reeder may have failed to follow her doctors' recommendations to lose weight in accordance with Social Security Ruling 96-7p (Order 15), the ALJ did engage in a credibility analysis, discussing various factors articulated in Social Security Ruling 96-7p, such as the objective medical evidence and Reeder's treatment history.[1]  As a result, the ALJ's credibility determination in this

---

[1] More particularly, after discussing Reeder's activities of daily living and subjective complaints, the ALJ made the following credibility determination:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.  The claimant's physician Dr. Lane has repeatedly advised the claimant to lose 200 to 300 pounds, which would in turn help her knee and other pain.  Another specialist, a rheumatologist evaluated the claimant on November 17, 2003, and also indicated an opinion that the claimant's excessive weight was aggravating her impairments and there was no underlying inflammatory rheumatic disease process found.  The rheumatologist recommended a consultation with a dietician to help her lose a significant amount of weight which would greatly benefit her degenerative changes in the knees and spine.  Dr. Lane prescribed Meridia on October 25, 2001 along with a diet and exercise program.  As of the date of the hearing in February 2006, the claimant had not lost a significant amount of weight.  These factors further impact negatively upon the claimant's credibility regarding the severity of her impairments as her actions amount to noncompliance.  While not a factor to negate a finding of disability, noncompliance is [a] credibility factor.

(Tr. 15-16.)

instance is more analogous to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit Court of Appeals concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been," *id*., and inapposite to that in *Golembiewski*, 382 F.3d at 724, in which the Court of Appeals found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained *no* discussion of credibility," *id*. (emphasis added). *See also Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Given that] the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

Furthermore, as the Court noted in its Order, "two statements by Reeder in the record may suggest that perhaps there was no good reason for her noncompliance with her doctors' advice to lose weight. In January 2002, she told Dr. Lane that 'she has been off her diet for a little bit with Summer activities' and in December 2003, that she was not interested in making an appointment with a dietician." (Order 14 (citing Tr. 167, 173).)  Although the ALJ did not cite these statements as a basis for his decision, this evidence certainly explains the Commissioner's defense of the ALJ's conclusion to discount Reeder's subjective complaints due to her purported failure to follow her doctors' advice to lose weight. *See generally Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified.").

4

Because a remand was warranted on the credibility argument, the Court ultimately did not need to reach Reeder's remaining two arguments – that the ALJ improperly evaluated Dr. Lane's opinion and erred at step five by failing to cite a significant number of jobs that Reeder could perform.  Nevertheless, Reeder contends that if the Court concludes that the Commissioner was substantially justified in defending the ALJ's decision on her credibility, it should consider whether the Commissioner was substantially justified in defending the ALJ's decision on her two additional arguments. (*See* Pl.'s Reply on EAJA Fees 4.)  We have reviewed these additional arguments and have concluded that they too support a finding that the Commissioner's position was substantially justified.

To explain, Reeder also argued that the ALJ erred by giving no weight to Dr. Lane's opinion that Reeder would miss at least four days of work a month.  On that front, Reeder nitpicked a misstatement by the ALJ in which the ALJ incorrectly referred to Dr. Lane's opinion as stating that Reeder "would miss at least four days of work a week," rather than four days a month. (*Compare* Tr. 16, *with* Tr. 225.)  Obviously, the Commissioner was reasonable in defending this likely scrivener's error.

Admittedly, the ALJ's reasoning for discounting Dr. Lane's opinion concerning Reeder's expected absenteeism (that is, that Dr. Lane did not provide any basis for that conclusion) appears more dubious in light of Dr. Lane's identification of clinical findings and objective signs in her questionnaire. (*See* Tr. 16, 222-26.)  Yet, the ALJ *did* at least expressly address this portion of Dr. Lane's opinion in his decision.  Furthermore, the ALJ relied upon Dr. Lane's opinion in certain other aspects, incorporating into Reeder's RFC her opinion that Reeder could stand or walk about six hours in an eight-hour workday, concluding that it was "more consistent

5

with the evidence" than the state agency physician's opinion. (Tr. 16.)  Consequently, on the whole we think the Commissioner was substantially justified in defending the ALJ's evaluation of Dr. Lane's opinion.

Reeder's other argument was that the ALJ erred at step five by failing to identify a significant number of jobs that Reeder could perform.  Indeed, after acknowledging that Reeder was limited to "unskilled sedentary jobs," the ALJ mis-stepped at step five by citing examples of three light duty jobs, rather than examples of sedentary work. (Tr. 17.)  Nonetheless, at the hearing, the vocational expert testified in response to one of the ALJ's hypothetical that 2,500 unskilled sedentary jobs were available in the region, including circuit board assembler (475 jobs), information clerk (125 jobs), and packer/semi-conductor (150 jobs). (Tr. 292-94.)

An ALJ's decision that contains an error at step five can still be supported by substantial evidence if the vocational expert testified at the hearing that a significant number of jobs are available that encompass the plaintiff's limitations. *See, e.g.*, *Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000) (finding that the ALJ's decision was supported by substantial evidence because his hypothetical included all of the treating physician's limitations, even though he improperly rejected these limitations in his opinion); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (discarding a claimant's contention that the ALJ erred by excluding a sit/stand option since the vocational expert testified at the hearing that there were a significant number of jobs available in the economy which offered a sit/stand option).  Because the vocational expert's testimony here supports the ALJ's ultimate step five determination that Reeder could perform unskilled sedentary work, *see generally McLachlan v. Barnhart*, No. 03 C 2297, 2004 WL 2036294, at *10 (N.D. Ill. Sept. 8, 2004) ("[T]he ALJ was entitled to rely upon the opinion of the

vocational expert that there are a significant number of jobs in the economy that [claimant] could perform." (quoting *Harris v. Barnhart*, 356 F.3d 926, 931 (8th Cir. 2004))), we think that the Commissioner was substantially justified in defending the ALJ's oversight.

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).  In this case, judging the totality of the circumstances is rather straightforward, as each of the Commissioner's four arguments was seemingly "substantially justified" in its own right. *See generally Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees.  If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.").

In sum, the Commissioner's position as a whole was substantially justified in this case, and as a result, Reeder's request for attorney fees will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified.  Therefore, Reeder's motion (Docket # 24) and supplemental motion for

7

attorney's fees (Docket # 32) are DENIED.

    SO ORDERED.

    Enter for July 15, 2008.

                                              S/ Roger B. Cosbey  
                                              Roger B. Cosbey,  
                                              United States Magistrate Judge